NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re ZEPP HEALTH CORP.,**
*Petitioner*

---

2025-100

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00172-RWS-RSP, Judge Robert Schroeder, III.

---

**ON PETITION**

---

Before PROST, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Zepp Health Corp. petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas ("EDTX") to vacate its order denying transfer and to transfer this action to the United States District Court for the Central District of California ("CDCA"). Slyde Analytics LLC opposes the petition.

Slyde, a Texas LLC with an office in Marshall, Texas, filed this suit in EDTX against Zepp, a company incorporated in the Cayman Islands, asserting Zepp's Amazfit brand of smartwatches infringe seven patents. Zepp

moved to transfer to CDCA under 28 U.S.C. § 1404(a).  The district court denied the motion, noting the presence of potential witnesses (board members and a contractor of Zepp) and sources of proof in EDTX and co-pending litigation brought by Slyde involving the same patents.  This petition followed.   We have jurisdiction under 28 U.S.C. §§ 1295(a)(1) and 1651(a).  *See In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

"In general, three conditions must be satisfied for a writ to issue: (1) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; (2) the petitioner must have no other adequate method of attaining the desired relief; and (3) the court must be satisfied that the writ is appropriate under the circumstances." *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).  Under this highly deferential standard and applying regional circuit law, we will not disturb a transfer decision unless a petitioner has shown there is such a "clear" abuse of discretion that it produced a "patently erroneous result."  *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)).

Zepp's case for transfer largely rested on the presence of its non-party subsidiary in CDCA.  The district court, however, concluded that Zepp had failed to show the location of that subsidiary made CDCA the clearly more convenient forum.  First, the district court found Zepp failed to identify any particular record custodian in CDCA and found that all the identified evidence is electronically stored and therefore is readily accessible in any other district.  Second, the district court noted that "Zepp has only broadly asserted all relevant witnesses are in California," Appx005–006, without specifically identifying individual potential witnesses in its transfer motion.  Third, the court found only a "somewhat tenuous local interest[]" in that district, Appx007.  We cannot say that these findings were clearly incorrect.

IN RE ZEPP HEALTH CORP.　　　　　　　　　　　　　　　　3

In light of the evidence of record and arguments presented, we conclude that the district court did not clearly abuse its discretion in finding that Zepp failed to show that CDCA was clearly more convenient than EDTX. We therefore deny Zepp's petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 15, 2024
Date

Jarrett B. Perlow
Clerk of Court